IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamin Mazyck, #238056, ) | C/A No.: 1:20-2126-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Hugh W. Robinson; Margaret A. ) | ORDER AND NOTICE |
| Robinson; Susan Troutt; and ) | |
| National Legal Professional ) | |
| Associates and all individuals ) | |
| associated therewith, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Jamin Mazyck ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint alleging fraud by Hugh W. Robinson; Margaret A. Robinson; Susan Troutt; and National Legal Professional Associates ("NLPA") (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual and Procedural Background

Plaintiff alleges Defendants engaged in fraud and unauthorized practice of law in seeking to represent him in a challenge to his state court convictions. [ECF No. 1 at 9–14]. Plaintiff alleges Defendants used both wire and mail in

their communications used to perpetrate the fraud. Plaintiff alleges NALP communicated that a staff of research attorneys to evaluate his case. *Id.* at 15. Plaintiff claims that NALP did not provide any attorney authorized to practice law in South Carolina and provided inferior services. *Id.* at 17. Plaintiff purports to bring claims pursuant to 18 U.S.C. §§ 1341, 1343, which are mail and wire fraud criminal statutes. *Id.* at 18–19. He seeks compensatory and punitive damages. *Id.* at 20.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. *Id.* To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se

2

complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.  Analysis

1.  No Private Right to Bring Criminal Action

Plaintiff purports to bring claims pursuant to 18 U.S.C. §§ 1341, 1343. These are criminal statutes, and they do not provide private causes of action. *See, e.g.*, *Tribble v. Reedy*, No. 89-6781, 888 F.2d 1387 (4th Cir. 1989) (unpublished table disposition) (explaining that a plaintiff cannot recover civil damages for an alleged violation of a criminal statute, including 18 U.S.C. §§ 1341, 1343 absent a clear Congressional intent to provide a civil remedy); *Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137 (4th Cir. 1987) (holding that 18 U.S.C. § 1001 is a criminal code provision and that there is "no basis for implying a civil cause of action" from it); *Sines v. Kessler*, 324 F. Supp. 3d 765, 799 n.5 (W.D. Va. 2018) (noting that, as a general matter, "there is no general civil cause of action for criminal violations");

In addition, Plaintiff does not have a constitutional right to, or a judicially-cognizable interest in, the criminal prosecution or non-prosecution of another person or entity. *See Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981). "The benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005).

4

### 2. No Subject Matter Jurisdiction

Plaintiff states that he brings this case pursuant to 28 U.S.C. § 1331, because it arises under federal law. [ECF No. 1 at 7].[1] However, Plaintiff fails to identify a private cause of action arising under federal law. Although he mentions the interstate commerce clause [ECF No. 1 at 8], he does not provide a statute Congress has enacted pursuant to the power conferred by the interstate commerce clause that confers a private right of action for Plaintiff's claims.

To the extent Plaintiff seeks to bring his claim pursuant to 42 U.S.C. § 1983, he has not shown Defendants are state actors. To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

> For a party to be a state actor subject to suit under § 1983:
>
> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible . . . . Second, the party charged with the deprivation must be a person

---

[1] Plaintiff has not provided any allegations pursuant to potential diversity jurisdiction.

> who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

It is clear that criminal defense attorneys do not act under color of state law when performing traditional functions as legal counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–9, 12–14 (1981) (finding public defender does not act under color of state law); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 nn. 2–3 (4th Cir. 1980) (finding court-appointed attorney does not act under color of state law); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (finding private attorney does not act under color of state law). Although Plaintiff's complaint makes clear that Defendants are not attorneys, they likewise have not acted under state law. Plaintiff's complaint is subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **July 2, 2020**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint,

the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

June 11, 2020                                      Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge